# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-6-GF-BMM |
| Plaintiff, | |
| vs. | **ORDER** |
| JONATHAN JAY EAGLEMAN, | |
| Defendants. | |

Defendant, Jonathan Jay Eagleman (Eagleman) has moved to continue the jury trial scheduled for May 23, 2016, and to reset the discovery deadline. (Doc. 16). Eagleman states that this case involves documentary evidence from several different sources and the time allotted Eagleman to provide discovery to the United States is not sufficient because of the nature and amount of discovery involved in this case. Eagleman requests that the trial be continued until July 2016 in order to provide all of the discovery to the United States. The Government does not oppose the motion.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  In determining whether an "ends of justice continuance" is appropriate, a district court must consider, *inter alia,* whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation.  *Id.* § 3161(h)(7)(B).  An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered."  *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997).  Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]."  *Bloate v. United States,* 130 S. Ct. 1345, 1351 (2010).

Eagleman is charged with False Statements to a Federal Agency.  The offense allegedly occurred in 2012.  Eagleman faces a potential sentence of up to 5 years imprisonment if convicted.  The Court finds that an ends of justice

continuance is appropriate under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (B)(iv) to provide Eagleman the reasonable time necessary for effective trial preparation, and to prevent a miscarriage of justice.  The ends of justice served by a continuance outweigh the interests of Eagleman and the public in a speedy trial.

**IT IS ORDERED**:

1.Defendant's Unopposed Motion to Continue & Extend Discovery Deadlines (Doc. 16) is **GRANTED**.

2.The final pretrial conference and jury trial set for May 23, 2016, are **VACATED** and **RESET** for **July 25, 2016, at 9:00 a.m.** at the Missouri River Courthouse, Charles N. Pray Courtroom, Great Falls, Montana.[1]

3.The previously set discovery deadline, motions deadline, plea agreement deadline, jury instructions deadline and trial briefs deadline are **VACATED**.  The discovery deadline is reset for **June 15, 2016.**  The motions deadline is reset for **June 20, 2016.**  The plea agreement deadline is reset for **July 11, 2016.**  Jury instructions and trial briefs are due on or before **July 18, 2016.**

4.The Court's Scheduling Order of March 17, 2016, (Doc. 14) shall remain in full force and effect in all other respects.

All time between the date of this Order and the new trial date of

---

[1] Counsel shall appear in chambers a half hour before the scheduled trial time.

July 25, 2016, is excluded from the speedy trial calculation for each Defendant. 18

U.S.C. § 3161(h)(7)(A).

DATED this 3rd day of May, 2016.

Brian Morris
United States District Court Judge