# INSTRUCTION NO. 1

Members of the jury, you have heard all the evidence.  The evidence record is closed.  Additional evidence will not be presented, and it is now my duty to further instruct you on the law that applies to this case.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others.  The order in which the instructions are given is of no significance.  All of the instructions are equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return; that is a matter entirely up to you.

# INSTRUCTION NO. 2

I remind you that the evidence you are to consider in reaching a verdict is limited to the witnesses' testimony, any exhibits that were introduced, and any stipulations.  The lawyers are not witnesses.  Statements made by the lawyers are not evidence and should not be considered as such by you.  A lawyer may not make any statement of fact or any argument about a fact that is not supported by evidence in the record.  A lawyer also may not state his or her personal opinion as to matters in issue or about credibility of witnesses.  You must disregard any statement of a fact or any argument made by a lawyer at any time during the trial that the evidence does not support. Specifically, you may not consider as evidence any statement made by a lawyer during opening statements concerning potential witness testimony or other evidence that was not produced by testimony or evidence admitted later in trial.  You also may not consider as evidence any statement by a lawyer during final arguments that is not supported by the evidence. You must disregard all such statements.

## INSTRUCTION NO. 3

Do not decide the case based on "implicit biases." As we discussed in jury selection, everyone, including me, has feelings, assumptions, perceptions, fears, and stereotypes, that is, "implicit biases," that we may not be aware of. These hidden thoughts can impact what we see and hear, how we remember what we see and hear, and how we make important decisions.

Because you are making very important decisions in this case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or biases.

The law demands that you return a just verdict, based solely on the evidence, your individual evaluation of that evidence, your reason and common sense, and these instructions. Our system of justice is counting on you to render a fair decision based on the evidence, not on biases.

## INSTRUCTION NO. 4

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt

# INSTRUCTION NO. 5

Count I of the Indictment charges that on or about September 24, 2012, near Box Elder, within the State and District of Montana, the defendant, JONATHAN JAY EAGLEMAN, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the United States Environmental Protection Agency by falsely representing in a telephone conference call with EPA officials and others that the Chippewa Cree Tribal Water Resources Department had discovered the Sangrey drinking water tank #2 on the Rocky Boy's Indian Reservation compromised on September 22, 2012, when in truth and in fact as the defendant, JONATHAN JAY EAGLEMAN, then well knew, the Chippewa Cree Tribal Water Resources Department had discovered the Sangrey drinking water tank #2 compromised on August 30, 2012, in violation of 18 U.S.C. 1001(a)(2).

## INSTRUCTION NO. 6

Count II of the Indictment charges that on or about September 25, 2012, near Box Elder, within the State and District of Montana, the defendant, JONATHAN JAY EAGLEMAN, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the United States Environmental Protection Agency by falsely representing in a Chippewa Cree Tribal Water Resources Department Public Notice, entitled "PRECAUTIONARY DRINKING WATER WARNING!  DO NOT USE THE WATER" that, on September 24, 2012, the Department had discovered that one of its finished water storage tanks was open and potentially vandalized, when in truth and in fact as the defendant, JONATHAN JAY EAGLEMAN, then well knew, the Chippewa Cree Tribal Water Resources Department had discovered the Sangrey drinking water tank #2 compromised on August 30, 2012, in violation of 18 U.S.C. 1001(a)(2).

# INSTRUCTION NO. 7

Count III of the Indictment charges that on or about September 26, 2012, near Box Elder, within the State and District of Montana, the defendant, JONATHAN JAY EAGLEMAN, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the United States Environmental Protection Agency by falsely representing in a telephone conference call with EPA officials and others that the Chippewa Cree Tribal Water Resources Department had discovered the Sangrey drinking water tank #2 on the Rocky Boy's Indian Reservation compromised on September 22, 2012, when in truth and in fact as the defendant, JONATHAN JAY EAGLEMAN, then well knew, the Chippewa Cree Tribal Water Resources Department had discovered the Sangrey drinking water tank #2 compromised on August 30, 2012, in violation of 18 U.S.C. 1001(a)(2).

## INSTRUCTION NO. 8

Section 1001 of Title 18 of the United States Code provides, in pertinent part:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative,
> or judicial branch of the Government of the United States, knowingly and
> willfully . . . makes any materially false, fictitious, or fraudulent statement or
> representation . . . [shall be guilty of an offense against the laws of the
> United States.]

## INSTRUCTION NO. 9

In order for the defendant to be found guilty of False Statements to a Federal Agency as charged in Counts I, II, and III of the Indictment, the government must prove each of the following elements for each count beyond a reasonable doubt:

First, the defendant made the false statement under your consideration in a matter within the jurisdiction of the United States Environmental Protection Agency;

Second, the defendant acted willfully; that is, the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

Third, the statement under your consideration was material to the activities or decisions of the United States Environmental Protection Agency; that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

## INSTRUCTION NO. 10

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The Government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## INSTRUCTION NO. 11

"Willfully" means that the defendant committed the act voluntarily and purposely, and with knowledge that his conduct was, in a general sense, unlawful. That is, the defendant must have acted with a bad purpose to disobey or disregard the law. The government need not prove that the defendant was aware of the specific provision of the law that he is charged with violating or any other specific provision.

## INSTRUCTION NO. 12

The Indictment charges that the offenses were committed "on or about" a certain date.  The proof need not establish with certainty the exact date of an alleged offense.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

## INSTRUCTION NO. 13

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## INSTRUCTION NO. 14

You are here to determine only whether the defendant is guilty or not guilty of the charges in the Indictment.  The defendant is not on trial for any conduct not charged in the Indictment.

## INSTRUCTION NO. 15

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## INSTRUCTION NO. 16

The punishment provided by law for the crimes charged is for the court to decide.  You may not consider punishment in deciding whether the Government has proved its case against the defendant beyond a reasonable doubt.

## INSTRUCTION NO. 17

The Government has the burden of proving the defendant guilty beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.  The Government is not required to prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based on pure speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## INSTRUCTION NO. 18

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 19

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## INSTRUCTION NO. 20

A verdict form has been prepared for you and will be given to you to take to the jury room.

After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations by marking the appropriate verdict with a check mark.  Your foreperson should then sign it and date it, and advise the bailiff that you are ready to return to the courtroom.

## INSTRUCTION NO. 21

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.